## PEOPLE *v.* LICAVOLI.

1. CRIMINAL LAW—SUFFICIENCY OF COMPLAINT—APPEAL AND ERROR.
   In prosecution for murder, objection that complaint, although made positively, was in fact made on information and belief, comes too late, where not raised until after examination had been had and returned and after jury had been sworn.

2. SAME—HOMICIDE—EXAMINATION—PROBABLE CAUSE—MOTION TO QUASH.
   Where, on examination, there was evidence that victim had been shot and testimony of eyewitness that defendant did shooting, motion to quash information for murder, on ground that examination showed no probable cause for charging defendant with offense, was properly denied.

3. SAME—EXHIBITS—EVIDENCE.
   In prosecution for murder, placing certain exhibits on table in courtroom after jury had been accepted, but before final acceptance, was not prejudicial, where they were later received in evidence without objection.

4. SAME—PRINCIPAL—ACCESSORY.
   Under 3 Comp. Laws 1929, § 17253, one aiding and abetting commission of crime is principal.

5. SAME—PROSECUTOR'S OPENING STATEMENT.

Where prosecutor's opening statement, in prosecution for murder, was that defendant did shooting, his departure therefrom to urge conviction whether defendant did shooting or was accessory (there being evidence to sustain both theories) was not error, in absence of showing that defendant, who offered no evidence in his own behalf, was misled to his prejudice.

6. HOMICIDE—GREAT WEIGHT OF EVIDENCE.

In prosecution for murder, verdict of guilty in first degree *held*, not against great weight of evidence, although testimony was sharply conflicting.

7. CRIMINAL LAW—TRIAL—COERCION OF JURY.

Where, in prosecution for murder, jury had been out for many hours, court's calling them into court, admonishing them relative to their duties, and directing them to continue their deliberations, *held*, not coercion.

Error to Recorder's Court of Detroit; Boyne (John A.), J. Submitted October 15, 1931. (Docket No. 207, Calendar No. 35,411.) Decided December 8, 1931.

Pete Licavoli was convicted of murder in the first degree. Affirmed.

*Rodney Baxter,* for appellant.

*Paul W. Voorhies,* Attorney General, *Harry S. Toy,* Prosecuting Attorney, *Duncan C. McCrea* and *Edmund E. Shepherd,* Assistants Prosecuting Attorney, for the people.

CLARK, J. On the afternoon of July 14, 1930, Henry Typancey was sitting in his automobile parked on Field avenue, near Jefferson, in Detroit, when a man approached, shot and killed him. Defendant was charged with the murder, tried, convicted, and sentenced. He has appealed.

. 1. The complaint was made by a peace officer. After examination had been had and returned and after the jury had been sworn, defendant for the first time sought to challenge the sufficiency of the complaint by showing that it, although made positively, was in fact made upon information and belief. The objection came too late. See *People* v. *Hare,* 57 Mich. 505; *People* v. *Dowd,* 44 Mich. 488.

2. Motion to quash on the ground that the examination showed no probable cause for charging defendant with the offense committed was made and properly denied. The evidence at the examination was that Typancey had been shot and killed, and there was testimony of an eyewitness that defendant did the shooting. Clearly, this is sufficient.

3. After the jury had been accepted by both sides but before final acceptance, as it later proved, certain pistols and cartridges (and other exhibits) to be used in the case were taken by officers from a package and placed on a table in the courtroom. Defendant moved for mistrial for this reason and complains of denial of his motion. The pistols and cartridges were later received in evidence without objection, and, therefore, we see no prejudice in this incident.

4. The prosecuting attorney's opening statement, which was brief and in mere outline, was that defendant himself had done the shooting. There was some testimony that defendant was an accessory acting with another in committing the crime. There was also testimony of other witnesses that defendant himself did the shooting. The prosecuting attorney argued for conviction on either theory of the evidence, and the case was submitted on both theories. If defendant aided and abetted in committing this crime he would, nevertheless, be a principal.

3 Comp. Laws 1929, § 17253; *People* v. *Collins*, 216 Mich. 541.

Defendant's complaint is not of the instructions of the court in this regard, but of the prosecuting attorney's departing from his opening statement. This would not be error, unless, perhaps, defendant was thereby misled to his prejudice. The testimony tending to characterize defendant as an accessory came in without objection, and, being in, could be used. Moreover, defendant offered no evidence in his behalf. It does not appear that defendant was misled to his prejudice, hence, the departure complained of is not reversible error.

5. A case was made for the jury, and, although the testimony is sharply conflicting, chiefly as to identity of the murderer, we must conclude from a review of all the evidence, as did the trial judge, that the verdict is not against the great weight of the evidence.

6. After the jury had been out for many hours, they were called into court and asked by the judge if they had agreed upon a verdict. They replied that they had not agreed upon the facts. The court admonished them relative to their duty as jurors and directed them to continue their deliberations. This is urged as coercion. In view of our holding in *People* v. *Digione,* 250 Mich. 206, where the jury was similarly admonished under like circumstances, we must hold the remarks not coercive.

7. We find no prejudicial error in the closing argument of the prosecuting attorney, and the matter calls for no discussion.

Affirmed.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.