PEOPLE *v.* RONEY.

1. CRIMINAL LAW—COMPLAINT—KNOWLEDGE OF COMPLAINANT.

A criminal complaint expressly made on information and belief must be supported by testimony of witnesses with personal knowledge of the offense before the magistrate issues a warrant for the arrest of the accused.

2. SAME—COMPLAINT—FORM—IMPEACHMENT.

A complaint purporting to be made on the knowledge of the complainant may not be impeached by evidence that the complainant lacks such knowledge and that no witnesses who had personal knowledge were examined by the magistrate who issued the warrant based on the complaint (CL 1948, § 766.2).

3. SAME—COMPLAINT—OBJECTION—WAIVER.

Objection that complaint, although made in positive form, was in fact made on information and belief comes too late when made for the first time after the jury has been sworn to try the crime charged.

4. SAME—COMPLAINT—RAPE—OBJECTION.

Denial of new trial after conviction of statutory rape *held*, not error, where the complaint on which the warrant was issued purported to be on the knowledge of the complaining policewoman and not on her information and belief, and

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Arrest §§ 12–14.
[3] 21 Am Jur 2d, Criminal Law § 441.
[4] 5 Am Jur 2d, Arrest §§ 12–14; 21 Am Jur 2d, Criminal Law § 441.
[5] 21 Am Jur 2d, Criminal Law § 137.
[6] 5 Am Jur 2d, Appeal and Error § 623; 21 Am Jur 2d, Criminal Law §§ 136, 137; 53 Am Jur, Trial §§ 650, 652, 653.
[7] 29 Am Jur 2d, Evidence §§ 320, 321, 327.
[8] 44 Am Jur, Rape §§ 17, 18.
[9] 44 Am Jur, Rape §§ 100, 111.
   58 Am Jur, Witnesses § 860 *et seq.*

objection to the adequacy of the complaint and of the examination of the complainant was made for the first time in the motion for new trial (CLS 1961, § 750.520).

5. SAME—ALIBI—NOTICE—DISCRETION OF COURT.

Court may, in its discretion, exclude evidence offered by the defendant for the purpose of establishing an alibi, where the required notice of alibi has not been filed (CL 1948, § 768.21).

6. SAME—ALIBI—INSTRUCTIONS.

Failure of trial court to charge the jury regarding the defense of alibi *held*, not error in trial for statutory rape, where judge commented parenthetically that the notice of alibi was insufficient but did not specifically rule on any request as to its sufficiency, the defendant and 2 of his 4 alibi witnesses testified, but the 2 witnesses were not questioned either under direct or cross-examination concerning the alibi, the defendant did not argue the alibi defense to the jury, and did not request a jury charge thereon (CLS 1961, § 750.520; CL 1948, § 768.21).

7. SAME—PRIOR CONVICTIONS—ADMISSIBILITY.

Prior convictions of the defendant are relevant where the defendant puts his credibility in issue by testifying in his trial for statutory rape (CLS 1961, §§ 600.2158, 600.2159, 750.520).

8. SAME—STATUTORY RAPE—CREDIBILITY.

The issue in a trial for statutory rape is inevitably one of credibility of the complaining witness and the defendant, who alone know the truth (CLS 1961, § 750.520).

9. SAME—CREDIBILITY—QUESTION FOR JURY.

The jury is within its province in believing the evidence consistent with guilt rather than that consistent with innocence in a trial for statutory rape (CLS 1961, § 750.520).

Appeal from Recorder's Court of Detroit; Gillis (Joseph A.), J. Submitted Division 1 December 15, 1966, at Detroit. (Docket No. 1,990.) Decided October 16, 1967.

Marvin Roney was convicted of rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Richard J. Padzieski,* Assistant Prosecuting Attorney, for the people.

*Gerald Brock,* for defendant.

Levin, J. Defendant Marvin Roney was convicted by a jury of statutory rape. CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788). He appeals.

The warrant was issued on the complaint of a Detroit policewoman who alleged the commission of the crime on her knowledge and not on information and belief.

Roney contends that by reason of CL 1948, § 766.2 (Stat Ann 1954 Rev § 28.920),[1] the complaint is insufficient because the complainant did not have personal knowledge and no witness claiming to have personal knowledge was examined by the magistrate.

In support of his position Roney cites the cases of *Brown* v. *Hadwin* (1914), 182 Mich 491, 496; *Curnow* v. *Kessler* (1896), 110 Mich 10, 13; and *People* v. *Heffron* (1884), 53 Mich 527, 530. But in each of these cases the complaints were expressly made on information and belief, whereas in the case before us the complaint was, in form at least, based on personal knowledge. Thus, while the Supreme Court held in the cases cited that where the complaint is expressly made on information and belief, it must be supported before the magistrate by testimony of witnesses with personal knowl-

---

[1] "Whenever complaint shall be made to any magistrate named in section 1, chapter 4, of this act, that a criminal offense not cognizable by a justice of the peace has been committed, he shall examine on oath the complainant and any witnesses who may be produced by him."

edge of the offense, such holdings are not controlling upon the facts presented here.

In a number of cases, the Michigan Supreme Court has held that the defendant may not be permitted to attempt to impeach a complaint made on purported personal knowledge by offering evidence that the complainant lacks such knowledge and that no witnesses having personal knowledge were examined by the magistrate. In *People* v. *Mosley* (1953), 338 Mich 559, 564, the Court stated:

"This Court, in *People* v. *Lynch,* 29 Mich 274; *Potter* v. *Barry Circuit Judge,* 156 Mich 183; and *People* v. *Czckay,* 218 Mich 660, settled the question that a complaint which, upon its face, purports to be made upon the knowledge of. the affiant, is a sufficient compliance with the statute, and that it is incompetent for a defendant, upon arraignment, to impeach the complaint by showing a lack of knowledge by the complaining witness. The positive statements made upon the oath of the complainant gives the magistrate jurisdiction to issue the warrant. The fact that 'it does not appear there was no examination of witnesses under oath,' or that the complainant did not adhere to the truth, cannot avoid a warrant. *People* v. *Hare,* 57 Mich 505, and *People* v. *Schottey,* 66 Mich 708. Jurisdiction having attached for the issuance of the warrant, it could not be later impeached." Similarly see *People* v. *Davis* (1955), 343 Mich 348, 354, 355.[2]

[2] We note *People* v. *France* (1963), 370 Mich 156, so held as to an offense cognizable by a justice of the peace; the majority opinion stating, "Under a proper record we might well want to re-examine some existing precedent" (p 161). Offenses cognizable by a justice of the peace proceed to trial without a preliminary examination, indictment or information. Not so as to felonies. While *People* v. *France, supra,* may indicate an inclination on the part of members of the Supreme Court to reopen the entire question, any new pronouncement might be limited to offenses cognizable by a justice of the peace. See CL 1948, § 774.4, as amended by PA 1965, No 307 (Stat Ann 1965 Cum Supp § 28.1195), concerning complaints cognizable by a justice of the peace. We have no basis for proceeding on the assumption that *People* v. *Mosley, supra,* and the cases therein cited are not still controlling authority.

The complaint was filed August 3, 1964. The following day Roney was arraigned on the warrant. He was represented by counsel at his examination on August 13, 1964, and at his trial on February 15, 1965. A motion for new trial was filed September 10, 1965, and for the first time the adequacy of the complaint and of the examination of the complainant was questioned.

In *People* v. *Licavoli* (1931), 256 Mich 229, the court held that after the jury had been sworn it was too late to object that the complaint, although made positively, was in fact made on information and belief. See, also, *People* v. *Curran* (1916), 191 Mich 583.

On the authority of *People* v. *Mosley, supra,* and *People* v. *Licavoli, supra,* we hold the trial judge did not err in denying a new trial because of the alleged insufficiency of the complaint and examination of the complainant.

Roney claims the trial judge erroneously excluded alibi testimony. In the absence of the jury the judge did comment on the insufficiency of Roney's notice of alibi—the notice did not include specific information as to the place at which Roney claimed to have been at the time of the alleged offense. CL 1948, § 768.20 (Stat Ann 1954 Rev § 28.1043). Roney's counsel, in response to the court's comment, stated that police officers had interrogated all four proposed alibi witnesses and the prosecution, therefore, was not prejudiced by the insufficiency in the notice of alibi. There was then further colloquy concerning other matters between the trial judge, the assistant prosecutor, and Roney's counsel but nothing was said by anyone, including the judge, as to whether the judge should or would exercise the discretion vested in him by CL 1948, § 768.21 (Stat Ann 1954 Rev § 28.1044), which pro-

vides the court may in its discretion exclude evidence offered by the defendant for the purpose of establishing an alibi where the required notice of alibi has not been filed.

The judge's *comment* that the alibi was *insufficient* was parenthetical to other matters, was not in response to either a request to rule thereon or to an objection to proposed alibi testimony, and, in our opinion, could not properly be regarded as a *ruling* that alibi evidence would be *excluded* if offered. We add that Roney briefly testified as to his alibi; and that two of the four witnesses named in the notice of alibi testified, but were not questioned either on direct or cross-examination concerning the alibi.

The defendant neither argued the alibi defense to the jury nor requested a jury charge thereon. Under the circumstances we find no merit in the contention that the trial judge erred when he failed to charge the jury regarding the alibi defense.

The court charged the jury that in judging credibility it could consider Roney's convictions for assault and battery of his wife. When he took the stand Roney put his credibility in issue. On that issue his prior convictions have been regarded as relevant. Revised judicature act, PA 1961, No 236, §§ 2158, 2159 (CLS 1961, §§ 600.2158, 600.2159 [Stat Ann 1962 Rev §§ 27A.2158, 27A.2159]); *People* v. *Foley* (1941), 299 Mich 358, 362, 363. The court properly charged the jury regarding the matter. CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052); *People* v. *Foley, supra.*

In a case such as this, the issue is inevitably one of credibility. *People* v. *Inman* (1946), 315 Mich 456, 470. The complaining witness and Roney alone know the truth.[3] The jury chose to believe the evi-

---

[3] See Corroborating Charges of Rape, 67 Columbia L Rev 1137 (1967).

dence consistent with guilt rather than innocence
and was within its prerogative in doing so.   See
*People* v. *Hancock* (1950), 326 Mich 471, 504; *People*
v. *Moore* (1943), 306 Mich 29, 33.

"It is not the province of this Court to substitute
our judgment for that of the jury on disputed ques-
tions of fact." *People* v. *Cleveland* (1940), 295
Mich 139, 140.

Affirmed.

LESINSKI, C. J., and BURNS, J., concurred.