## PEOPLE v. FOSTER

1. CRIMINAL LAW—DUE PROCESS—SEARCHES AND SEIZURES—AUTOMOBILES.

   What may be an unreasonable search of a house may be reasonable in the case of a motor car; therefore it is very important to consider the facts surrounding a search.

2. CRIMINAL LAW—DUE PROCESS—SEARCHES AND SEIZURES—AUTOMOBILES—SEARCH INCIDENT TO ARREST.

   A search of defendant's automobile, which had been towed to a police station, and seizure of a credit card, was lawful where it was the continuation of a lawful search commenced at the scene of the arrest, but interrupted by the actions of the defendant and an unruly crowd.

3. CRIMINAL LAW—FORGERY—ELEMENTS.

   The terms and manner of payment for a purchase are not material elements to prove the crime of forgery where defendant was accused of using the credit card of another to make a purchase and signing the name of the card's owner to the bill.

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur, Searches and Seizures § 18.
[2] 47 Am Jur, Searches and Seizures §§ 18, 19.
[3] 36 Am Jur 2d, Forgery § 3.
[4] 29 Am Jur 2d, Evidence §§ 78, 86.
[5] 21 Am Jur 2d, Criminal Law § 441.

4. Evidence—Credit Card—Use—Judicial Notice.
  The Court of Appeals takes judicial notice of the fact that credit cards are universally used for obtaining credit in the purchase of goods and services.

5. Criminal Law—Complaint—Knowledge—Information and Belief—Objection to Complaint—Timeliness.
  An objection made after trial challenging the sufficiency of a complaint by claiming that it purported to be made upon actual knowledge when it was made on information and belief is made too late.

Appeal from Berrien, Karl F. Zick, J. Submitted Division 3 April 8, 1969, at Grand Rapids. (Docket No. 4,351.) Decided May 28, 1969.

Johnny Foster was convicted of forgery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *Wilbur Schillinger* and *Tat Parish,* Assistant Prosecuting Attorneys, for the people.

*S. Jack Keller,* for defendant.

BEFORE: Quinn, P. J., and Holbrook and T. M. Burns, JJ.

Holbrook, J. Defendant was convicted in the circuit court for Berrien county, before a jury of the crime of forgery contrary to MCLA § 750.248 (Stat Ann 1965 Cum Supp § 28.445).*

---

* "Any person who shall falsely make, alter, forge or counterfeit any public record, * * * bill of lading, bill of exchange, promissory note, or any order, acquittance or discharge for money or other property, or any waiver, release, claim or demand, or any acceptance of a bill of exchange, or indorsement, or assignment of a bill of exchange or promissory note for the payment of money, or any accountable receipt for money, goods or other property, with intent to injure or defraud any person, shall be guilty of a felony."

The uncontroverted facts appear to be: Mr. Nathan Kelly was the *bona fide* holder of a Midwest Bank Card. He gave this credit card to defendant who identified himself by name other than his true name. The defendant promised to deliver it to Mr. Kelly's nephew in New York city. Defendant represented that he knew the nephew, could locate him and was going to New York. On May 5, 1967, between 4 and 5 p.m. the defendant used the credit card for a purchase at Hasse's Standard service station at M–139 and Pipestone in Benton township, Berrien county. Defendant gave the credit card to the attendant and signed a receipt in triplicate for the goods received and was given a copy. The receipt had stated on it the following:

"I hereby authorize the issuer of the Midwest Bank Card imprinted above to pay the amount shown as total hereon upon presentation hereof to issuer by a bank which is a member of the Midwest Bank Card system. I hereby promise to pay said issuer of the amount shown as total hereon (together with other charges due thereon, if any) subject to and in accordance with the terms of the cardholder agreement governing the use of issuer's Midwest Bank Cards."

Two Benton township police officers were at the station at the time defendant presented the credit card and signed the receipt. One of the officers knew both Mr. Kelly and the defendant. Upon defendant's leaving the station the officer asked to see a copy of the receipt—and upon examining it realized that defendant was using a credit card issued to Mr. Kelly. Thereupon the officers pursued defendant and his 2 companions. They stopped defendant about a mile away from the station, asked for his driver's license, arrested him and when starting to search him defendant took the receipt

given to him at the station and put it in his mouth and started to eat it, and finally swallowed it. He was taken back to the patrol car and the other officer started to search defendant's car. By that time a large crowd had gathered and the officer searching the car saw defendant struggling with his fellow officer so he went back to aid him. They put handcuffs on defendant and placed him in the back seat of the patrol car. Thereupon a female subject opened the back door of the patrol car in order to let the defendant out. After this action was stopped, a man attempted to open the front door and reached in the patrol car and grabbed papers on the front seat. These were taken away from him. At this time the crowd began to holler as to what they were going to do. The officers were then required because of the interference of the crowd to call a wrecker and have defendant's car towed to the police station. The officers with the defendant followed in the patrol car and upon arrival at the station officer Imoos started to take defendant inside and officer Shembarger immediately proceeded to search the car and found and seized the credit card from under the front seat. At this time defendant was not in jail. The credit card was admitted in evidence.

On appeal defendant asserts 3 claims of error to be reviewed which are restated and dealt with in order.

1. *The search of the car and seizure of the credit card was illegal by reason of the application of US Const, Am 4 and Const 1963, art 1, § 11, which protect against unreasonable search and seizure.*

Defendant cites the cases of *Preston* v. *United States* (1964), 376 US 364 (84 S Ct 881, 11 L Ed 2d 777) and *People* v. *Dombrowski* (1968), 10 Mich App 445, in support of his position.

In the case of *People* v. *Danny Williams* (1969), 16 Mich App 557, this Court construed the *Preston* case and determined that in the search of an automobile it is very important to consider the facts surrounding the search for the reason that what may be an unreasonable search of a house may be reasonable in the case of a motor car. In the instant case the officers were unable to complete their search at the scene of arrest because of the conduct of the defendant and an unruly crowd. It was necessary to tow the automobile to the police station and the defendant accompanied the towing operation. It was not known that such action would abate the threat to the security of the officers by the crowd or a possible destruction of the credit card by those opposing the officers' lawful activity. The loss of the credit card would have the effect of destroying the evidence used in accomplishing the crime. The search of the automobile at the police station was the continuation of the lawful search commenced at the scene of the arrest, but interrupted by the actions of the defendant and the unruly crowd. The search was substantially contemporaneous with the lawful arrest under the facts in this case.

The case of *People* v. *Dombrowski, supra,* can be distinguished upon the facts. Therein the police made a search of the automobile at the scene of the arrest but were unable to search the trunk because of a lack of a key. Subsequent thereto and while the defendant was in jail the officers obtained a key from a search of his personal belongings and used it to open the trunk. This Court ruled in *Dombrowski, supra,* that the search was not substantially contemporaneous with the arrest and therefore was illegal. On p 449 of the opinion Judge FITZGERALD speaking for the Court stated in part as follows:

"The police should have obtained a warrant upon their subsequent discovery of the key, since we require the procurement of a search warrant whenever the evidence obtained is not listed among those articles admissible without a warrant, and whenever the defendant and his vehicle are in police custody previous to the search and the search is not *substantially contemporaneous with the arrest.*" (Emphasis supplied.)

In the present case, under the facts, the search was substantially contemporaneous with the lawful arrest and therefore legal. The credit card was properly admitted and the trial court did not commit error in refusing to suppress it on motion before trial.

2. *Defendant was denied due process because the people failed to prove the terms, conditions and manner of payment required to be made under the terms of the credit card as mentioned on the purchase receipt for the goods.*

The signed receipt was a personal promise to pay for the merchandise purchased. The credit card authorized the extension of credit to the named holder of the credit card. Defendant was not the named holder but in order to obtain credit, forged Mr. Kelly's name on the receipt for the goods obtained. The terms and manner of payment for the purchase are not material elements to prove the crime of forgery. The Court takes judicial notice of the fact that credit cards are universally used for obtaining credit in the purchase of goods and services. The fact that the credit card holder was required to pay for his purchases over a longer or shorter period of time with or without interest could not exonerate the defendant of his forging the name of Mr. Kelly on the "accountable receipt for * * * goods."

3. *The proceedings are defective because the complaint against defendant was signed by an officer purportedly based on actual knowledge of the facts whereas in fact he had only information and belief.*

This issue was raised for the first time in defendant's motion for a new trial. An objection challenging the sufficiency of the complaint by claiming that it was made upon actual knowledge when it should have been made on information and belief is made too late after trial. *People* v. *Licavoli* (1931), 256 Mich 229 and *People* v. *Linscott* (1969), 14 Mich App 334.

Affirmed.

All concurred.