PEOPLE *v.* BROWN

1. APPEAL AND ERROR—TRIAL—EVIDENCE—HEARSAY TESTIMONY—
OBJECTIONS.
Failure of the trial court, after sustaining objections to hear-
say testimony, to order the jury to disregard such testimony
and to have that testimony stricken from the record was not
subject to appellate review where the trial court was not re-
quested by objecting counsel to do those things.

2. CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—JURY—VER-
DICT—EVIDENCE—QUANTUM.
Prosecution's presentation of credible evidence regarding every
element of assault with intent to commit murder was sufficient
to sustain a jury verdict finding defendant guilty of that crime
beyond a reasonable doubt (MCLA § 750.83).

3. WITNESSES—TESTIMONY—CONFLICTS—JURY.
Conflicts in the testimony of witnesses does not concern the Court
of Appeals since a jury is free to believe one witness as op-
posed to another.

4. ARREST—WARRANT—INFORMATION AND BELIEF.
Issuance of an arrest warrant upon the information and belief
of an investigating police officer is not of itself a ground for
reversal of a criminal conviction.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial §§ 137, 821.
[2] 21 Am Jur 2d, Criminal Law § 81 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 884.
  58 Am Jur, Witnesses § 767 *et seq.*
[4] 5 Am Jur 2d, Arrest §§ 13, 14.
[5] 21 Am Jur 2d, Criminal Law § 309 *et seq.*
  Accused's right to assistance of counsel at or prior to arraign-
  ment. 5 ALR3d 1269.
  Accused's constitutional right to assistance of counsel. 84 L Ed
  390, 395.
  Accused's right to counsel under Federal Constitution. 2 L Ed
  2d 1646.

5. Criminal Law—Showup—Right to Counsel—In-Court Identi-
    fication.

> Denial of defendant's right to counsel at a showup after his
> arrest did not require a remand for further hearing where this
> objection was raised for the first time on appeal, there was no
> attempt to introduce any pretrial identification evidence at trial,
> and there was overwhelming evidence that the in-court iden-
> tifications of defendant had independent origins.

Appeal from Kent, John T. Letts, J. Submitted
Division 3 January 6, 1970, at Grand Rapids.
(Docket No. 6,715.) Decided February 5, 1970. Ap-
plication for leave to appeal pending.

James W. Brown was convicted by a jury of
assault with intent to commit murder. Defendant
appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney, and *Wesley J. Nykamp,* Chief
Appellate Attorney, for the people.

*Gordon A. Doherty,* for defendant on appeal.

Before: V. J. Brennan, P. J., and R. B. Burns
and T. M. Burns, JJ.

R. B. Burns, J. Defendant was convicted by a
jury of assault with intent to commit murder, MCLA
§ 750.83 (Stat Ann 1962 Rev § 28.278). On appeal
he raises several objections to the proceedings below.

Defendant argues first that although the trial
court sustained objections to certain hearsay testi-
mony, the court committed reversible error by fail-
ing to order the jury to disregard this testimony,
and by failing to order the testimony stricken from
the record. The record discloses that the trial court
was not requested by counsel to do these things.

Accordingly, we will not review its failure to do so upon appeal. *People* v. *Bauman* (1952), 332 Mich 198; *People* v. *Dobine* (1963), 371 Mich 593.

Defendant next asserts that the evidence was insufficient to sustain a verdict of guilty beyond a reasonable doubt. We have reviewed the record carefully, and conclude that the prosecution presented credible evidence of every element of the crime. That there were conflicts in the testimony does not concern us, as the jury was free to believe one witness as opposed to another. *People* v. *Petrosky* (1938), 286 Mich 397; *People* v. *Askar* (1967), 8 Mich App 95.

Defendant urges that his conviction be overturned because the warrant for his arrest was issued upon the information and belief of the investigating police officer. We have said, however, that this is not of itself a ground for reversal. *People* v. *Andriacci* (1968), 11 Mich App 482; *People* v. *Roney* (1967), 7 Mich App 678.

Finally, defendant contends that he was denied the right to counsel at a showup after his arrest. We are certainly mindful of the questions this raises under *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149). However, on the facts of this case, where this objection is raised for the first time on appeal, where there was no attempt to introduce pretrial identification evidence at trial, and where there is overwhelming evidence that the in-court identifications of defendant had independent origins, we find no need to remand for further hearing.

Affirmed.

All concurred.