PEOPLE *v.* WENDELL BROWN

CRIMINAL LAW—EVIDENCE—WITNESSES—TESTIMONY OF DEFENDANT
—PRIOR CONVICTIONS—ADMISSIBILITY.
  The past criminal record of a defendant may be shown for the
  purpose of testing his credibility where he puts it in issue
  by taking the witness stand (MCLA § 600.2159).

Appeal from Ingham, Philip C. Elliott, J. Submitted Division 2 March 17, 1970, at Grand Rapids. (Docket No. 7,734.)   Decided May 1, 1970.   Leave to appeal denied November 24, 1970.   384 Mich 780.

Wendell Gerald Brown was convicted of indecent liberties.   Defendant appeals.   Plaintiff's motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*Abood, Abood & Abood,* for defendant.

Before: HOLBROOK, P. J., and FITZGERALD and T. M. BURNS, JJ.

PER CURIAM.   Defendant Wendell Brown was tried by a jury and convicted of the crime of indecent

---

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 327.

liberties contrary to MCLA § 750.336 (Stat Ann 1954 Rev § 28.568). On appeal he contends that the trial court committed prejudicial error when it permitted the prosecuting attorney to examine defendant, over defense counsel's objections, concerning his past criminal record for the purpose of testing defendant's credibility, when defendant did not deny the criminal act in issue. Defendant also argues that the trial court committed reversible error when it ordered the trial to proceed when the jury was not drawn in accordance with MCLA § 600.1301 (Stat Ann 1970 Cum Supp § 27A.1301). The appellee has filed a motion to affirm the conviction (GCR 1963, 817.5[3]).

By taking the witness stand, defendant put his credibility in issue. *People* v. *Roney* (1967), 7 Mich App 678; MCLA § 600.2159 (Stat Ann 1962 Rev § 27A.2159). The prior convictions of defendant were properly accepted and the record reveals that the trial court properly charged the jury regarding the matter. MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052).

Nor do we think the second issue raised by defendant has merit. The questions presented here on appeal are unsubstantial and require no argument or formal submission.

The motion to affirm the defendant's conviction is granted.