### PEOPLE *v.* CLEMENT.

1. CRIMINAL LAW—ATTEMPT TO INCITE PERJURY—SUFFICIENCY OF INFORMATION.

   An information under 3 Comp. Laws, § 11308, for attempting to incite the crime of perjury, which avers that the testimony sought to be procured was false, to respondent's knowledge, is not fatally defective in failing to aver that the person approached also knew it to be false.

2. SAME—INSTRUCTIONS—SUFFICIENCY OF EVIDENCE.

   A conviction will not be reversed because the trial court said to the jury in the first part of his charge, apparently through inadvertence, that they might convict if satisfied of respondent's guilt by a preponderance of the evidence, where he afterwards told them clearly several times that, in order to convict, they must be convinced of such guilt beyond a reasonable doubt.

Exceptions before judgment from Schoolcraft; Steere, J. Submitted February 15, 1901.   Decided June 17, 1901.

Ludger Clement was convicted of an attempt to incite the crime of perjury.   Affirmed.

*C. W. Dunton* and *T. J. Dundon*, for appellant.

*F. H. Peters* and *Virgil I. Hixson*, Prosecuting Attorneys, for the people.

LONG, J. The respondent was informed against and convicted under section 11308, 3 Comp. Laws, which provides.

"If any person shall endeavor to incite or procure any person to commit the crime of perjury, though no perjury be committed, he shall be punished by imprisonment in the State prison not more than five years, or imprisonment in the county jail not more than one year."

It is alleged in the information that respondent had theretofore been arrested upon the charge of bastardy, and after such arrest, and pending a hearing before the justice upon said charge, had procured the signature of the complaining witness to a letter directed to the justice, in which the witness denied that the respondent was the father of her child. The letter is set out in full in the information, after which the information alleges:

" Which certain writing was introduced as evidence in the defense of said Ludger Clement on said complaint at the hearing of the same   *   *   *   before the said justice,   *   *   *   which said writing was false and untrue, and which the said Ludger Clement then and there, upon the said hearing,   *   *   *   knew to be false and untrue, and procured by said Ludger Clement for the purpose of inciting the said Exina Carifiell [the complaining witness], when sworn as a witness upon the said hearing, to commit the crime of perjury. And also the said Ludger Clement did   *   *   *   endeavor to incite and procure said Exina Carifiell to commit the crime of perjury upon the hearing of the aforesaid complaint before   *   *   *   said justice, by then and there,   *   *   *   when she, said Exina Carifiell, was to be sworn as a witness therein, inciting her to testify that he, said Ludger Clement, was not the father of said child; contrary to the form of the statute.   *   *   *"

It is the contention of counsel for respondent that the information states no offense under the statute, for the reason that it does not aver that the testimony of the complaining witness would be false, and also does not aver that the witness knew that her proposed testimony would be false. It appears upon the face of the information that the charge is made that the testimony of the com-

plaining witness sought to be introduced was false. The information avers that the testimony was false, and that respondent knew it to be false. The only question is whether it is necessary, under this statute, to aver that the witness knew that her proposed testimony would be false.

An attempt or endeavor to suborn a person to commit perjury was, at common law, a misdemeanor. Tiff. Cr. Law, p. 1005; 2 Chit. Cr. Law, 480. A very different question is presented under this statute than would be presented under the statute for subornation of perjury. It may be true that on a charge for subornation it would be necessary to aver and prove that the witness did falsely, wickedly, willfully, and corruptly say, depose, and swear, etc., or some words equivalent thereto; but in a charge under this statute the offense is complete if averred and proved that the respondent did endeavor to incite or procure the witness to commit the crime of perjury, and it need not be averred that the witness knew that the testimony sought to be procured was false. A somewhat analogous question was presented in *State* v. *Keyes*, 8 Vt. 66 ( 30 Am. Dec. 450 ). In that case the grand jury had presented an indictment against one Howe, which was pending, and one Keezer was a material witness on the part of the State, and about to be summoned to attend the trial as a witness. It appeared that the respondent knew these facts, and that Howe was about to be arrested and held. It was alleged in the information that Keyes "did endeavor to persuade and induce the said John Keezer to abscond and refrain from appearing before the court, * * * with intent to obstruct and impede the due course of justice." Mr. Justice Redfield said in that case:

"The question here is not whether the witness has been guilty of a contempt in disobeying the process of the court, but whether there has been a corrupt attempt to obstruct the due course of public justice by spiriting away or preventing the attendance of a witness. If the person induced to absent himself knew of his being a witness,

and was induced to absent himself, the offense was complete in him.  If the respondent knew of his being a witness and about to be compelled in due course of law to attend the trial, and endeavored to dissuade and hinder him therefrom, in the language of the indictment, his offense is complete.  *  *  *

"It is further argued that the information is insufficient because it contains no allegation that the offense was consummated, but only an attempt to hinder the witness from attending the trial.  This question was formerly much discussed in Westminster Hall, but is now well settled. *  *  *  It is well settled at common law that an attempt or endeavor to commit a felony or misdemeanor is punishable itself, as a substantive misdemeanor.  An attempt to bribe the first lord of the treasury to procure the reversion of the office of clerk of the supreme court of Jamaica was, in Lord Mansfield's time, held clearly indictable.  *Rex* v. *Vaughan,* 4 Burrow, 2494;  *  *  *  *Rex* v. *Philipps,* 6 East, 464."

The case of *State* v. *Keyes, supra,* was cited with approval in *State* v. *Carpenter,* 20 Vt. 9.

Our statute has made the offense as it existed at common law punishable as a felony, and it is no more necessary under this statute to aver and prove that the witness knew that the testimony sought to be procured was false, than it was necessary in the Vermont case to aver that the witness there knew that he was about to be a witness. The information fully apprised the respondent of the charge made against him, and would be sufficient if laid in the words of the statute.  *Rice* v. *People,* 15 Mich. 9; *People* v. *Kent,* 1 Doug. 42; 3 Comp. Laws, § 11914.

It is contended that the testimony given on the trial fails to make out a case.  An examination of the record convinces us that this contention cannot be sustained.  The complaining witness testified on the trial that she met the respondent at the house of Father Kunes; that respondent there handed her the letter in question to sign, and said that would settle the matter up; that he gave her $100, and said some more would be given her every month; that they went from the house over to the court, and respondent said to her:  "All I had to say was that he was not the

father of the child.    This was in the court-room; and I
told him I would not swear false."

At the close of the testimony the court charged the jury
upon the main question in the case as follows:

"It is charged that proceedings were had before Justice
Hill, a magistrate of this county, on the complaint of
Exina Carifiell, charging this respondent with being the
father of her illegitimate offspring; and it is charged that
he was in fact the father; that, knowing that fact, while
those proceedings were pending he secured from the
mother of the child a statement in writing that he was
not the father of the child; and it is charged that, at an
adjourned day of the hearing before the magistrate, he
sought to induce her to swear falsely at that hearing in
his behalf, to the effect that he was not the father of that
child.    And that is the issue in this case.    On the part of
the defense, that is denied.    And now, if the testimony in
this case, taken as a whole, satisfies you by a preponder-
ance of evidence that he was the father of this child, that
he knew it and she knew it, and that at the hearing he
endeavored to procure her to swear falsely,—sought to in-
duce or incite her to take the stand, and, under oath, at
the hearing before the magistrate, in his behalf testify
that he was not the father of the child,—then the offense
is made out, and it is your duty to convict."

Immediately following this part of the charge, the court
continued as follows:

"As you canvass the testimony in this case, you, of
course, will be governed by the evidence, and nothing
else.    It is not for you to theorize or conjecture or surmise
as to any fact outside of the testimony, as to why witnesses
were or were not sworn.    You are not to allow yourselves
to be governed by any assertions made by counsel in their
argument, or anything which has been said to prejudice
or excite you.    But you are expected to decide calmly and
impartially the testimony, remembering that every man is
presumed to be innocent until proven guilty, and the
burden of proof is upon the prosecution to make out these
facts beyond all reasonable doubt.    And now, if at the
time of the alleged conversation at the magistrate's office
between the respondent and Exina Carifiell there existed a
reasonable doubt in the minds of either of them as to the
paternity of the child, or if the respondent honestly be-

lieved that he was not the father of this child, there could be no conviction, because it is necessary for you to find that he was the father of this child, and that he knew it at the time. And, in order to justify a conviction, you must be satisfied to a moral certainty, and beyond all reasonable doubt, that the respondent is the father of the child in question, and that, at the time of the alleged con-. versation with her, both he and she knew he was the father of the child, and, knowing it, under those circumstances, he feloniously endeavored to induce her to make oath to the contrary and swear falsely. Now, that is the issue for you to determine, and you have the testimony before you. You are the judges of the credibility of the witnesses, and it is for you to say, from what has happened in this case, whether or not the prosecution has made out those facts to your satisfaction and beyond all reasonable doubt."

It is contended by counsel for respondent that the court committed error in the first portion of this charge, prejudicial to the respondent, in stating to the jury that:

"If the testimony in this case, taken as a whole, satisfies you by a preponderance of evidence that he was the father of this child, * * * it is your duty to convict."

The charge must be taken as a whole, and we are of the opinion that the jury could not have been misled by the court's use of the word "preponderance." He may have done so inadvertently; but, whether so or not, we think the error was cured by the concluding portion of the charge, where the rule was fully stated.

We find no error in the record, and the conviction must be affirmed.

The other Justices concurred.