PEOPLE v. MILLER.

1. CRIMINAL LAW—IRREGULAR ARREST No CAUSE FOR DISCHARGE WHERE FOLLOWED BY REGULAR COMPLAINT AND WARRANT.

Where an arrest for violating Act No. 231, Pub. Acts 1925, providing for repression of prostitution, was followed by a complaint and warrant that are regular, and on the trial defendant was deprived of no right to which she was lawfully entitled because of her arrest, she is not entitled to her discharge, after conviction, because the arrest was irregular.[1]

2. SAME.

That defendant's arrest on a charge of violating the statute for repression of prostitution was irregular, would not give her the right to say that she should not be tried at all, where her arrest was followed by a complaint and warrant that were regular.[2]

3. WITNESSES—NOT ERROR TO ALLOW CROSS-EXAMINATION OF DEFENDANT AS TO CONVICTION OF OTHER OFFENSES.

There was no error in allowing cross-examination of defendant, charged with violation of the statute for repression of prostitution, relative to her having been convicted of other offenses.[3]

Error to recorder's court of Detroit; Brennan (John V.), J. Submitted April 15, 1926. (Docket No. 141.) Decided June 7, 1926.

Irma Miller was convicted of accosting and soliciting, and sentenced to imprisonment for 90 days in the Detroit house of correction. Affirmed.

*Lewis, Rowlette & Bledsoe,* for appellant.

*Andrew B. Dougherty,* Attorney General, *Robert M. Toms,* Prosecuting Attorney, and *Oscar A. Kaufman,* Assistant Prosecuting Attorney, for the people.

[1]Criminal Law, 16 C. J. § 228; [2]Id., 16 C. J. § 228; [3]Witnesses, 40 Cyc. p. 2624.

CLARK, J.   Defendant was convicted of violating, as a first offense, Act No. 231, Pub. Acts 1925, being an act to provide for the repression of prostitution.

Defendant, on error, contends that her arrest, without warrant, was illegal for the reason that, if offending, she was guilty of but a misdemeanor and was taken in no breach of the peace.   The arrest was followed by complaint and warrant, under which she was held.   It is not urged that evidence against her was obtained by or because of the arrest.   The contention is, barely, that she should have been discharged because the arrest was illegal.

Defendant was charged and held on complaint and warrant that are regular.   In the trial itself she suffered no prejudice, and was deprived of no right to which she was lawfully entitled because of the arrest. If the arrest was irregular she was not thereby given the right to say that she should not be tried at all. *Ker* v. *Illinois,* 119 U. S. 436 (7 Sup. Ct. 225) ; 16 C. J. p. 175; *In re Little,* 129 Mich. 454 (57 L. R. A. 295).

The contention that cross-examination of defendant, for the purpose of impeachment, relative to her having been convicted of other offenses ought not to have been permitted, is answered by *People* v. *Cutler,* 197 Mich. 6; *People* v. *Frontera,* 223 Mich. 258; *Van Goosen* v. *Barlum,* 214 Mich. 595.

Judgment affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred.