PEOPLE *v.* MOSLEY.

1. CRIMINAL LAW—COMPLAINT—STATUTES—IMPEACHMENT.

A complaint in a criminal prosecution which, upon its face, purports to be made upon the knowledge of the affiant, is a sufficient compliance with the pertinent statute and it is incompetent for the defendant, upon arraignment, to impeach the complaint by showing a lack of knowledge by the complaining witness (CL 1948, §§ 766.2, 766.3).

2. SAME—COMPLAINT—WARRANT—EXAMINATION OF WITNESSES.

The positive statements of a complaining witness setting forth a crime charged in a sworn complaint give the examining magistrate jurisdiction to issue the warrant and the fact that it does not appear there was no examination of witnesses under oath, or that the complainant did not adhere to the truth, cannot avoid a warrant (CL 1948, §§ 766.2, 766.3).

3. SAME—WARRANT—JURISDICTION—IMPEACHMENT.

A warrant in a criminal case cannot later be impeached, once jurisdiction has attached for the issuance of such warrant (CL 1948, §§ 766.2, 766.3).

4. SAME—JURISDICTION—DENIAL OF MOTION TO QUASH—LEAVE TO APPEAL—STAY OF PROCEEDINGS.

The circuit court had jurisdiction to try case for inciting to commit perjury on May 21, 1952, where motion to quash information had been denied December 3, 1951, and a stay of 20 days granted, but record fails to show any extension thereof, notwithstanding defendant's application for leave to appeal from order denied was not denied by the Supreme Court until June 11, 1952.

5. PERJURY—INCITEMENT TO COMMIT—MATERIAL WITNESSES IN OTHER PROSECUTION.

The reading of the names of witnesses indorsed on the information in a rape case was proper in prosecution for inciting a witness therein to commit perjury, since it was necessary

---

REFERENCES FOR POINTS IN HEADNOTES

[1] Generally as to knowledge of affiant to a complaint in a criminal prosecution, see 14 Am Jur, Criminal Law § 245.

[2] 4 Am Jur, Arrest §§ 7, 12, 13.

[5, 9, 10] Generally as to crime of inciting to commit perjury, see 41 Am Jur, Perjury § 74 *et seq.*

[8] 53 Am Jur, Trial § 116.

[11] 3 Am Jur, Appeal and Error § 1005; 14 Am Jur, Criminal Law §§ 129–132.

for the prosecution to show that the rape case was pending
and that the witness therein whom defendant was claimed
to have attempted to incite to commit perjury was a material
witness in the prosecution for rape (CL 1948, § 750.425).

6. WITNESSES—HUSBAND AND WIFE—COMMON-LAW MARRIAGE.

It was not error to permit woman to testify in prosecution for
inciting to commit perjury, where defendant claimed but
failed to sustain his burden of proof that she was the
common-law wife of defendant (CL 1948, § 750.425).

7. CRIMINAL LAW—EVIDENCE—IMMATERIAL ISSUE.

Exclusion of testimony of a woman whom it was sought to
show was the legal wife of man who had been married to
woman whom defendant in prosecution for inciting to commit
perjury claimed as his common-law wife *held,* proper, since
the marital status of such proposed witness was not a ma-
terial issue in prosecution for inciting to commit perjury (CL
1948, § 750.425).

8. SAME — FURTHER CROSS-EXAMINATION — WITNESSES — ORDER OF
PROOF — DISCRETION OF COURT.

Court's ruling and statement to jury that defendant in criminal
prosecution who recalled for further cross-examination, after
the people had rested, 2 witnesses who had testified for the
people, made such witnesses his witnesses and that he was
bound by their answers, *held,* not an abuse of discretion, the
control of the presentation of proof being a matter within
his discretionary power.

9. PERJURY—INSTRUCTIONS.

Charge to jury in prosecution for inciting to commit perjury
*held,* fair and comprehensive (CL 1948, § 750.425).

10. SAME—ARGUMENT TO JURY.

Prosecutor's argument to jury in prosecution for inciting to
commit perjury *held,* not such as to require reversal (CL
1948, § 750.425).

11. CRIMINAL LAW—IRREGULARITIES—FAIR TRIAL.

The test to be applied in determining whether irregularities in
a criminal trial are grounds for reversal is not whether there
were some irregularities but whether defendant had a fair
and impartial trial (CL 1948, § 769.25).

12. PERJURY—INCITEMENT TO COMMIT—EVIDENCE.

It is not necessary to show that witness whose testimony was
sought to be procured knew that it was false, in prosecution
for inciting and procuring one to commit perjury (CL 1948,
§ 750.425).

13. PERJURY—VERDICT—EVIDENCE.

Jury's verdict of guilty in prosecution for inciting to commit perjury *held,* supported by sufficient testimony (CL 1948, § 750.425).

Appeal from Genesee; Galoda (Paul V.), J. Submitted October 16, 1953. (Docket No. 81, Calendar No. 45,846.) Decided December 29, 1953. Rehearing denied February 18, 1954.

John Mosley was convicted for endeavoring to incite and procure one to commit perjury. Affirmed.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Chester R. Schwesinger,* Prosecuting Attorney, *Albert H. Callahan,* Assistant Prosecuting Attorney, for the people.

*E. B. Reese,* for defendant.

BUSHNELL, J. Defendant John Mosley was convicted and sentenced for the crime of endeavoring to incite and procure one to commit perjury. See CL 1948, § 750.425 (Stat Ann § 28.667).

At the September, 1949, term of the circuit court for Genesee county, an information was filed charging Richard Schaffer, Raymond Schaffer and John Tierney with the crime of rape on one Iris Romer. Approximately a week before October 23, 1951, that being the date fixed for their trial, Ramona Romer, a sister of Iris, was subpoenaed as a witness for the people in that case. It is claimed that Mosley, on October 22, 1951, endeavored to incite and procure Ramona to commit the crime of perjury by falsely testifying at the Schaffer trial that the crime of rape perpetrated upon her sister, Iris, occurred in Shiawassee county and not in Genesee county. It is alleged that Mosley promised to pay Ramona $500 and give her a trip to Florida for such testimony.

On October 31, 1951, Frank C. Zeiter, a deputy sheriff of Genesee county, swore to a complaint before Hon. Raymond C. French, a municipal judge of the city of Flint, in which the foregoing facts were recited. The complaint being regular in form, the municipal judge issued a warrant. Mosley was, brought before Judge French on November 5, 1951, and upon demand for an examination, one was had resulting in the determination that there was probable cause that the charged offense had been committed and that Mosley was guilty thereof.

Upon arraignment in the circuit court on November 13, 1951, defendant stood mute and a plea of not guilty was entered. Zeiter was called as a witness, by the defendant and he testified that he signed the complaint in the case and that no one gave any testimony before the court on the complaint other than himself. Zeiter further testified:

"*Q.* You weren't present at any of this conversation that was alleged to have occurred in which the defendant was involved in this subornation of perjury?

"*A.* No, sir.

"*Q.* You got this information from someone else?

"*A.* That is correct.

"*Q.* And you have no knowledge from any other source?

"*A.* That is correct."

A motion to dismiss on behalf of Mosley was then. made and denied. A subsequent motion to quash the information was also denied. A 20-day stay of proceedings was granted by the trial court and an application for leave to appeal from the denial of the motion was made to this Court, and while that application was pending here the cause came on for trial in the circuit court on May 21, 1952. Mosley's application for leave to appeal was denied here on June 11, 1952. After conviction and sentence a motion.

was made in the circuit court to set aside the verdict and judgment and grant a new trial on various grounds, which were denied. Upon leave granted, Mosley has appealed.

The 17 questions raised on appeal have been examined. The first of these is: "Did the municipal judge have jurisdiction to issue the warrant for the arrest of the defendant?"

The statutory provisions regarding the making of a complaint read in part as follows:

"Sec. 2. Whenever complaint shall be made to any magistrate named in section 1, chapter 4, of this act, that a criminal offense not cognizable by a justice of the peace has been committed, he shall examine on oath the complainant and any witnesses who may be produced by him.

"Sec. 3. If it shall appear from such examination that any criminal offense not cognizable by a justice of the peace has been committed, the magistrate shall issue a warrant directed to the sheriff, chief of police, constable or any peace officer of the county, reciting the substance of the accusation and commanding him forthwith to take the person accused of having committed such offense and to bring him before such magistrate to be dealt with according to law, and in the same warrant may require such officer to summon such witnesses as shall be named therein." (CL 1948, §§ 766.2, 766.3 [Stat Ann §§ 28.920, 28.921].)

The complaint upon its face purports to have been made upon the knowledge of Deputy Sheriff Zeiter. The following is stated therein:

"The complaint, on oath and in writing, of Frank Zeiter, taken and made before me   *   *   *   who being duly sworn, says that heretofore, to-wit, on or about the 22d day of October, A.D. 1951, at the city of Flint, and in the county aforesaid, James Mosley did feloniously and unlawfully endeavor to incite and procure," et cetera.

This Court, in *People* v. *Lynch,* 29 Mich 274; *Potter* v. *Barry Circuit Judge,* 156 Mich 183; and *People* v. *Czckay,* 218 Mich 660, settled the question that a complaint which, upon its face, purports to be made upon the knowledge of the affiant, is a sufficient compliance with the statute, and that it is incompetent for a defendant, upon arraignment, to impeach the complaint by showing a lack of knowledge by the complaining witness. The positive statements made upon the oath of the complainant gives the magistrate jurisdiction to issue the warrant. The fact that "it does not appear there was no examination of witnesses under oath," or that the complainant did not adhere to the truth, cannot avoid a warrant. *People* v. *Hare,* 57 Mich 505, and *People* v. *Schottey,* 66 Mich 708. Jurisdiction having attached for the issuance of the warrant, it could not be later impeached. *Potter* v. *Barry Circuit Judge, supra.*

Mosley insists that the circuit court was without jurisdiction to try his case while an application for leave to appeal was pending in the Supreme Court from the order denying his motion to quash the information. After denial, in the trial court, of this motion on December 3, 1951, a stay of 20 days was granted. The calendar entries do not show any extension of this stay. On May 21, 1952, when the jury was impaneled and the trial begun, this stay had expired. Although defendant's application for leave to appeal was not denied here until June 11, 1952, the circuit court had not lost jurisdiction to proceed with the trial on May 21st.

At the trial the people, over the objection of the defendant, were permitted to read to the jury the names of the witnesses indorsed on the information in the case of the People *v.* Raymond Schaffer, Richard Schaffer and John Tierney. This is assigned as error. It was necessary that the prosecution show that the Schaffer-Tierney rape case was pending and

that Ramona Romer was a material witness in that case.

Iris Romer, the complainant in the rape case, was called as a witness in the instant case. Counsel objected to her testimony on the ground that she had entered into a common-law marriage with Mosley in 1947. From the testimony taken in the absence of the jury, it appears that Iris had lived with Mosley for about 6 weeks in 1947, but she denied that they had ever agreed to take each other as husband and wife in the manner required to constitute a common-law marriage. She stated that she did not use the name of Mosley; that he had never contributed to her support except for such 6-week period, and that she later married Donald Howard in a formal ceremony in 1948, and had lived with him since that time. It further developed that the Howard marriage was not challenged until December, 1951, when, following the arrest of Mosley, he filed a suit for divorce. That suit was dismissed in Genesee county on the ground of insufficient allegations of the marriage after Mosley failed to amend his bill within the time required.

The trial in the instant case began on Wednesday, May 21, 1952. Iris was served with a summons and bill of complaint in a second divorce suit begun by Mosley on Saturday, May 17, 1952. Mosley's present counsel represented him in both divorce suits.

The burden of proving that a marriage between Mosley and Iris had existed was not met by the defendant. See *People* v. *Zabijak,* 285 Mich 164. The court did not err in permitting Iris Howard, formerly Iris Romer, to testify in the instant case.

It is urged that the court erred in denying the defendant the right to examine the witness, Kathleen DeKeyser Howard, concerning the status of her marriage and in denying him the right to show what he proposed to prove by such witness. According to

Mosley's counsel, Kathleen had entered into a ceremonial marriage with Donald Howard, the present husband of Iris, at Boyce, Louisiana, in December of 1941, and it was proposed to question her as to whether she had any information regarding a divorce case begun by her husband, Donald Howard, in Genesee county in 1946. The court excluded all this testimony, and properly so, on the ground that the marital status of Kathleen was not a material issue in the case at bar.

It is argued that the court erred in holding and stating before the jury that the defendant, in recalling the witness, Ramona Romer, and her sister, Iris, for further cross-examination, made both of these parties his witnesses, and that he was bound by their answers.

The people had rested their case. The ruling of the trial judge was within his discretionary power to control the presentation of proof. No abuse of that discretion is shown.

Other questions propounded by defendant have to do with the court's denial of a motion to direct a verdict of not guilty at the close of the testimony, the prosecutor's claimed prejudicial argument to the jury and the court's refusal to give certain requested charges.

The charge has been examined and the claimed prejudicial statements considered. The charge, taken in its entirety, is fair and comprehensive, and the prosecutor's arguments are not such as would require reversal.

In determining whether irregularities in a criminal trial are grounds for reversal, the test to be applied is not whether there were some irregularities but whether defendant had a fair and impartial trial. *People* v. *O'Hara,* 278 Mich 281; *People* v. *Logie,* 321 Mich 303. See CL 1948, § 769.26 (Stat Ann § 28.1096).

Mosley insists that the verdict of guilty is against the "great weight * * * of the evidence" and that the court erred in denying his motion for a new trial.

There is little case law in this State on the offense of inciting and procuring one to commit perjury. The statute heretofore quoted sets out the elements of the crime. In proving the offense it is not necessary to show that the witness knew the testimony sought to be procured was false. *People* v. *Clement,* 127 Mich 130. There is sufficient testimony in this record to support the jury's verdict of guilty. An examination of the entire record discloses that the defendant received a fair and impartial trial.

The judgment and sentence entered in the trial court and the order denying a new trial are affirmed.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.