## PEOPLE v HERNANDEZ

1. INDICTMENT AND INFORMATION—COMPLAINT—VALIDITY.

A criminal complaint which purports to be based on actual knowledge but is in reality based on information and belief does not divest a trial court of jurisdiction to try the case.

2. INDICTMENT AND INFORMATION—COMPLAINT—VALIDITY.

A criminal complaint against defendant charging him with kidnapping and rape which purported to be based upon a State Police officer's personal knowledge but was in fact based upon information and belief did not require its dismissal; therefore, the trial court, in allowing the complaint to stand, did not deny defendant due process.

3. ARREST—WARRANT—VALIDITY—COURTS—JURISDICTION.

Once a court obtains jurisdiction over a defendant, proof of an invalid arrest warrant does not divest that court of jurisdiction; both Federal and Michigan cases uphold the power of a court to try a defendant regardless of the means used to bring him within the court's jurisdiction.

4. ARREST—WARRANT—VALIDITY—FELONY—REASONABLE CAUSE.

A complaint signed by a State Police officer, which purported to be based on the officer's personal knowledge but was based on information and belief, was at most technically erroneous and defendant was not denied his constitutional rights where the detective who swore out the warrant for defendant's arrest for kidnapping and rape could have arrested the defendant without the benefit of an arrest warrant because the officer had reasonable cause to believe that a felony had been committed and reasonable cause to believe that defendant had committed it.

Appeal from Ingham, Jack W. Warren, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indictments and Informations §§ 25 et seq; 64, 65.
[2] 41 Am Jur 2d, Indictments and Informations § 287.
[3] 5 Am Jur 2d, Arrest § 116.
[4] 5 Am Jur 2d, Arrest §§ 12–14, 116.

mitted Division 2 February 8, 1972, at Lansing. (Docket No. 12554.) Decided June 27, 1972.

Carmelo Hernandez was convicted of felonious assault and rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*H. Eugene Bennett,* for defendant on appeal.

Before: McGregor, P. J., and Levin and Targonski,* JJ.

McGregor, P. J. Defendant was charged, in a two-count information, with the offenses of kidnapping, MCLA 750.349; MSA 28.581, and rape, MCLA 750.520; MSA 28.788. He was convicted after a jury trial of the lesser included offense of felonious assault, MCLA 750.82; MSA 28.277, and of rape, MCLA 750.520; MSA 28.788.

Defendant was arrested pursuant to an arrest warrant based on a complaint signed by a detective with the Michigan state police as complaining witness.[1] At the trial, prior to the taking of testi-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] "The above-named complaining witness being duly sworn before the undersigned judge, magistrate, or clerk of the district court, upon the date indicated below, says that heretofore on the date of offense listed above, at the location listed above in the said county, State of Michigan, the above defendant(s),

*"Count One*

"did then and there wilfully, maliciously and without lawful authority, attempt to forcibly confine or imprison Linda Fay Carman, against her will, in violation of M.S.A. 28.581, CL 1948, 750.349, as amended

*"Count Two*

"did then and there, feloniously, by force and against her will, ravish

mony, defendant made a motion to dismiss the complaint and the warrant:

*"Mr. Bennett [defense counsel]:* In the first place, your Honor, I would move at this time to dismiss the complaint and warrant in this matter, as well as have the information quashed. I would base this motion on this premise, your Honor:

"The complaint and information in this matter states that one Calvin Glassford is the complaining witness and the complainant. There is nothing indicated in the body of the complaint, if the court please, to show this is on his information and belief.

"Now, this is an unusual case in that there are two eyewitnesses in addition to the victim, so I'm not positive at this point that Calvin Glassford has no direct knowledge. However, I am assuming he does not, and if he does not, if the court please, I submit this is a faulty warrant. There is nothing to show that the examining magistrate questioned any other witnesses, as the statute requires, when the information and belief type of warrant is issued."

The court denied defendant's motion.

On appeal, the principal issue is whether the complaint, which is purported to be based on actual knowledge but is in reality based on information and belief, should have been dismissed, thereby divesting the court of jurisdiction to try the case.

Defendant concedes that the law of this state upholds the validity of a complaint which, while purporting to be based upon actual knowledge, is in reality based upon information and belief. Defendant contends, however, that if a complaint purports to be based upon personal knowledge and

and carnally know Linda Fay Carman, a female of the age of sixteen years or more, to-wit: 19 years, date of birth 2-18-51, in violation of Sec. 520 of Act 328, PA 1931, being CL 1948, 750.520, Stat Ann 28.788, as amended * * * ."

is, in fact, based on information and belief, the allowance of such complaint amounts to condoning perjury and fraud, and thereby constitutes a denial of due process to the defendant.

In *People v Mosley,* 338 Mich 559, 563–564 (1953), the Court stated:

"The complaint upon its face purports to have been made upon the knowledge of Deputy Sheriff Zeiter. The following is stated therein:

" 'The complaint, on oath and in writing of Frank Zeiter, taken and made before me * * * who being duly sworn, says that heretofore, to-wit, on or about the 22d day of October, A.D. 1951, at the city of Flint, and in the county aforesaid, James Mosley did feloniously and unlawfully endeavor to incite and procure,' *et cetera.*

"This Court, in *People v Lynch,* 29 Mich 274 [1874]; *Potter v Barry Circuit Judge,* 156 Mich 183 [1909]; and *People v Czckay,* 218 Mich 660 [1922], settled the question that a complaint which, upon its face, purports to be made upon the knowledge of the affiant, is a sufficient compliance with the statute, and that it is incompetent for a defendant, upon arraignment, to impeach the complaint by showing a lack of knowledge by the complaining witness. The positive statements made upon the oath of the complainant gives the magistrate jurisdiction to issue the warrant. The fact that 'it does not appear there was no examination of witnesses under oath,' or that the complainant did not adhere to the truth, cannot avoid a warrant. *People v Hare,* 57 Mich 505 [1885], and *People v Schottey,* 66 Mich 708 [1887]. Jurisdiction having attached for the issuance of the warrant, it could not be later impeached. *Potter v Barry Circuit Judge, supra.*"

Defendant cites *Whiteley v Warden, Wyoming State Penitentiary,* 401 US 560; 91 S Ct 1031; 28 L Ed 2d 306 (1971), in support of his contention that the complaint and the arrest warrant should have been dismissed. Defendant's reliance on *Whiteley, supra,* is misplaced, as that case held that evidence

obtained from a search and seizure which was incident to an illegal arrest should not have been admitted into evidence. The Court did not hold, in *Whiteley,* that an illegal arrest divested the court of jurisdiction over the defendant; in fact, the conclusion was that

"Pursuant to our authority under 28 USC 2106, to make such disposition of the case 'as may be just under the circumstances', we reverse the judgment of the Tenth Circuit and remand with directions that the writ [of habeas corpus] is to issue, unless the state makes appropriate arrangements to retry petitioner." *Whiteley, supra,* p 569.

Once the court obtains jurisdiction over the defendant, proof of an invalid arrest warrant does not divest the court of jurisdiction.

"The universal rule appears to be that the manner in which a defendant is brought before a court is no bar to the court's *jurisdiction to try the case, nor may it successfully be set up as a bar to conviction."* (Emphasis added.) *State v Keating,* 108 NH 402; 236 A2d 684 (1967). See also *People v Miller,* 235 Mich 340 (1926); 5 Am Jur 2d, Arrests, § 116, p 796.

"Both Federal and Michigan cases uphold the power of a court to try a defendant regardless of the means used to bring him within the court's jurisdiction. *Ker v. Illinois* (1886), 119 US 436 (7 S Ct 225, 30 L Ed 421); *Lascelles v. Georgia* (1893), 148 US 537 (13 S Ct 687, 37 L Ed 549); *Frisbie v. Collins* (1952), 342 US 519 (72 S Ct 509, 96 L Ed 541), *reh den* (1952), 343 US 937 (72 S Ct 768, 96 L Ed 1344); *In re Little* (1902), 129 Mich 454; *People v. Mahler* (1950), 329 Mich 155, *cert den* (1951), 340 US 949 (71 S Ct 529, 95 L Ed 684), *cert den* (1953), 345 US 943 (73 S Ct 837, 97 L Ed 1369)." *People v Martin,* 386 Mich 407, 424 (1971).

It should be noted that the detective who swore out the warrant in the instant case could have

arrested the defendant without the benefit of the arrest warrant. MCLA 764.15; MSA 28.874 provides:

"Any peace officer may, without a warrant, arrest a person * * * (c) When a felony in fact has been committed and he has reasonable cause to believe that such person has committed it; (d) When he has reasonable cause to believe that a felony has been committed and reasonable cause to believe that such person has committed it."

To hold now that, by conscientiously seeking and obtaining a warrant, the officer could no longer effectuate a valid arrest would be an illogical if not an anomalous conclusion. If any error occurred, it was technical only and defendant has not been denied any constitutional rights.

A preliminary examination was had in the instant case, in which considerable testimony was taken, upon which the district court judge bound the defendant over for trial. At the close of the preliminary examination, the people moved to bind defendant over to circuit court for arraignment on two counts, of kidnapping and of rape. Defendant's counsel stated the following:

"*Mr. Bennett:* Your Honor, I fail to see how the court could rule any other way but than to bind over defendant based on the proofs here this morning. So I won't resist that motion. But I do have a motion [to reduce bond], if the court please."

Defendant's rights have been fully protected and he was not bound over for trial without determining that a crime had been committed and that there was probable cause to believe that this defendant committed that crime. The fact that the *complaint* and the *arrest warrant* were based on the complainant's information and belief, rather

than his personal knowledge, does not divest the court of jurisdiction to try the case. *State v Keating, supra.*

Defendant's other contentions are without merit.

Affirmed.

All concurred.