PEOPLE v HARDEN

1. BURGLARY—BREAKING AND ENTERING—EVIDENCE—SUFFICIENCY.

The evidence was sufficient to sustain a verdict of guilty of breaking and entering of an occupied dwelling where there was testimony that: (a) the doors to the building were locked on the evening of the crime; (b) after the defendant was apprehended the sliding door was observed to be bent and had been forced; (c) defendant was seen entering the door immediately, with no hesitation; (d) a screwdriver found in defendant's car was identical in size to the instrument used to pry open the door; and (e) defendant had stated to the apprehending police officers that he and an accomplice had entered the home through the back door and when they discovered there were people sleeping in the house, they left (MCLA 750.110).

2. COURTS—OATHS—CLERKS—DEPUTY CLERKS—COMPLAINTS—STATUTES.

The statute authorizing the judges and clerks of the district court to administer oaths and affirmations and to take acknowledgements of instruments in writing authorizes a deputy clerk of a district court to administer the oath for a complaint in a criminal case (MCLA 600.8317).

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 February 14, 1973, at Lansing. (Docket No. 12344.) Decided March 29, 1973.

Leo Harden was convicted of breaking and entering an occupied dwelling. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur 2d, Burglary §§ 50–52.
[2] 58 Am Jur 2d, Oath and Affirmation §§ 6–10.

Prosecuting Attorney, *Thaddeus F. Hamera,* Chief
Appellate Lawyer, and *Stephen F. Osinski,* Assist-
ant Prosecuting Attorney, for the people.

*William J. McGrail, Jr.,* for defendant on appeal.

Before: McGREGOR, P. J., and QUINN and PETER-
SON,* JJ.

PER CURIAM. Defendant was tried by a jury and
convicted on a charge of breaking and entering an
occupied dwelling, in violation of MCLA 750.110;
MSA 28.305.

Defendant's first contention on appeal is that
the evidence introduced at trial was insufficient to
establish that defendant broke and entered the
Smith home with intent to commit a larceny.

The substantial weight of testimony introduced
at trial indicated that, on June 6, 1970, at approxi-
mately 10:30 p.m., Mr. and Mrs. Russell Brozzo
observed a man in the backyard of a home owned
by Norma Mann, located at 33462 Clifton Drive.
The Brozzos live directly behind the Smith home
and the Mann home. Mr. Brozzo and Officer Love-
lace were searching the rear yard of the Mann
premises when they both saw defendant jump a
fence separating the Smith and Mann property.
The defendant ran to the Smith home and slipped
into the house; another officer apprehended de-
fendant in the attached garage of the Smith home.

Defendant in this case was charged, in fact, with
breaking and entering the Smith house when
proofs much more convincingly showed that de-
fendant's crime occurred in relation to the Mann
house. Defendant did not object at trial on the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

grounds of variance, and raises the question as one of the sufficiency of the evidence on this appeal.

There is evidence in the trial transcript indicating that defendant had previously entered the Smith residence. George Smith testified that he locked his home prior to going to bed on the evening of the alleged crime. After defendant was apprehended Smith observed that the frame of the sliding door to the family room was bent and had been forced. There was testimony that defendant entered this door immediately, with no hesitation. One officer testified that the screwdriver found in defendant's car by another officer was identical in size to the instrument used to pry open the door of the Smith home.

One of the police officers who apprehended defendant testified to the effect that the defendant had stated that he and an accomplice had entered the Smith house through the back door and when they discovered that there were people sleeping in the house, they then left and went back and entered the Mann house.

The above evidence was sufficient to meet the state's burden of proof and provided the jury with ample evidence from which a conclusion could be drawn that defendant entered the Smith home with the intent to commit a larceny therein, but did not complete the larcenous act because he found that the Smith home was occupied. The evidence in support of defendant's conviction stands apart from that evidence which indicates that defendant again entered the Smith house at the time he was pursued by Officer Lovelace.

Defendant further contends that the criminal complaint in this felony prosecution, signed before a clerk of the district court rather than the judge of that court, did not confer criminal jurisdiction.

The complaint in this case was sworn out on June 8, 1970, by two complaining witnesses and was signed by the deputy clerk of the district court. The warrant attendant to the complaint was signed by a judge of the forty-first judicial district on June 8, 1970. Defendant contends for the first time on this appeal that his constitutional and statutory rights were violated because the complaint was not sworn before an officer entitled to make a determination that there was probable cause to believe that the defendant had committed a crime. The pertinent statutes state:

"In each political subdivision where the court sits within a district of the third class [the 41st judicial district is a district of the third class. See MCLA 600.8122(5)], the * * * judges of the districts shall appoint a clerk of the court. * * *

"The clerk of the court shall appoint deputy clerks of the court subject to the approval of the judges. * * * " MCLA 600.8281; MSA 27A.8281.

"The district court has the same power to issue warrants, subpoena witnesses and require the production of books, papers, records, documents and other evidence and to punish for contempt as the circuit courts now have or may hereafter have. The judges and clerks of the district court, may administer oaths and affirmations and take acknowledgements of instruments in writing." MCLA 600.8317; MSA 27A.8317.

MCLA 600.8317 authorized the deputy clerk in this case to administer the oath for a complaint. *People v Russell J Davis,* 24 Mich App 344 (1970). See also 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 171, pp 202–203. The power to issue a warrant lies with the district judge and was, in fact, exercised by the district judge in this case.

Defendant raises this question for the first time

on appeal and, having failed to avail himself of the opportunity timely to raise the issue, seeks to avoid the holding of *People v Russell J Davis, supra,* on constitutional grounds, citing *Giordenello v United States,* 357 US 480; 78 S Ct 1245; 2 L Ed 2d 1503 (1958). But since we deal with a valid arrest without warrant, no probable cause question is involved in the taking of the subsequent written complaint by the clerk, and *Giordenello* is inapposite. *Cf. People v Hernandez,* 41 Mich App 594 (1972); *People v Hill,* 44 Mich App 308 (1973).

Other contentions of the defendant on this appeal are without merit.

Conviction affirmed.