PEOPLE v HOFFMEISTER

1. ARREST—DEFECTIVE WARRANT—REASONABLE CAUSE—STATUTES.

An arresting officer who had reasonable statutory cause to arrest a defendant without a warrant did not forfeit that right to arrest by obtaining a warrant which later may be found to be defective (MCLA 764.15).

2. HOMICIDE—FIRST-DEGREE MURDER—SENTENCES—SOLITARY CONFINEMENT—CRUEL AND UNUSUAL PUNISHMENT.

A court's recommendation that a defendant convicted of first-degree murder spend the first five years of his sentence in solitary confinement is within the scope of the statute and is not cruel and unusual punishment (MCLA 750.316).

3. JURY—VOIR DIRE—DISCRETION.

The extent of allowable voir dire is largely a matter of judicial discretion as to manner and scope, but the trial judge must not so limit the voir dire as to exclude an adequate showing of facts to give defense counsel grounds to challenge potential jurors both peremptorily or for cause.

4. JURY—VOIR DIRE—PROPOSED QUESTIONS—PRECISE LANGUAGE.

A trial judge does not have to allow a voir dire question to be asked in the precise language in which it was submitted by counsel; therefore, a defendant's rights were not prejudiced by the failure of a trial judge to ask requested voir dire questions where an examination of the record reveals that similar questions were asked.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES—AFFIRMATIVE EXCLUSION—APPEAL AND ERROR.

Failure to instruct a jury on a lesser included offense did not

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest §§ 26, 28.
[2] 40 Am Jur 2d, Homicide §§ 549, 553, 555.
[3, 4] 47 Am Jur 2d, Jury § 200.
Right of counsel in criminal case personally to conduct the voir dire examination of prospective jurors, 73 ALR2d 1187.
[5] 21 Am Jur 2d, Criminal Law § 494.
[6] 40 Am Jur 2d, Homicide § 204.

warrant a reversal of conviction where the defendant did not request such an instruction and where the instruction did not affirmatively exclude lesser included offenses from consideration by the jury.

6. Homicide—First-Degree Murder—Venue—Change of Venue—Discretion.

There was no abuse of discretion in the denial of a motion for a change of venue in a first-degree murder trial when it was asserted that pretrial publicity deprived a defendant of a fair and impartial trial but where the bulk of pretrial publicity complained of occurred several months before trial was held, where a lengthy transcript shows that the voir dire examination was conducted meticulously, resulting in the trial court's obtaining what it felt to be a fair and impartial jury, and where the record does not show a strong community feeling or pattern of deep and bitter prejudice against the defendant.

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 2 January 3, 1974, at Lansing. (Docket No. 14490.) Decided March 26, 1974. Leave to appeal granted, 392 Mich —.

Byron Lee Hoffmeister was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas Kizer, Jr.,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Donald Ubell,* Director, by *William P. Weiner,* of counsel), for the people.

*Dank, Peterson & Hay, P. C.,* for defendant on appeal.

Before: Lesinski, C. J., and Holbrook and Bashara, JJ.

Bashara, J. Defendant, Byron Lee Hoffmeister, was convicted by a jury in Livingston County Circuit Court of murder in the first degree. MCLA 750.316; MSA 28.548. He was sentenced on April 18, 1972 to life imprisonment, with the recommen-

dation that the first five years be spent in solitary confinement. Defendant appeals raising eight issues of which only five merit discussion.

Defendant first argues that the arrest warrant in this case was unconstitutionally issued, having been based on a conclusory complaint. If the arrest was made solely on the authority of the warrant, and assuming that it was defective, the defendant's argument might be persuasive for reversing his conviction. The fact is, however, that an officer may arrest without a warrant pursuant to MCLA 764.15; MSA 28.874 which provides:

"Any peace officer may, without a warrant, arrest a person * * * (c) When a felony in fact has been committed and he has reasonable cause to believe that such person has committed it; (d) When he has reasonable cause to believe that a felony has been committed and reasonable cause to believe that such person has committed it".

A review of the record discloses that the arresting officer had reasonable cause to arrest defendant as required by the statute. It would be anomalous to now hold that an officer who had reasonable cause to arrest without a warrant forfeits that right because he was conscientious in obtaining a warrant that was later found to be defective. *People v Hernandez*, 41 Mich App 594; 200 NW2d 447 (1972).

Defendant contends that the court's recommendation that defendant spend the first five years of his sentence in solitary confinement is cruel and unusual punishment. The recommendation was within the scope of the statute, MCLA 750.316; MSA 28.548, and this Court has supported the questioned statute, *People v Gunn*, 34 Mich App 106; 190 NW2d 793 (1971). If a change is to be made it is a matter for the Legislature.

Defendant next asserts that the failure of the judge to ask the requested voir dire questions was error, and the defendant was prejudiced thereby. The extent of allowable voir dire is largely a matter of judicial discretion as to manner and scope. *People v Simpson,* 5 Mich App 479; 146 NW2d 828 (1966); *People v Brown,* 46 Mich App 592; 208 NW2d 590 (1973). The trial judge, however, must not so limit the voir dire as to exclude an adequate showing of facts to give defense counsel grounds to challenge potential jurors both peremptorily or for cause. *Fedorinchik v Stewart,* 289 Mich 436; 286 NW 673 (1939); 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d Ed), p 465. The trial judge in the present case refused to allow 12 of defendant's 42 proposed voir dire questions. An examination of the record reveals that similar questions were asked by the trial judge, the prosecution, and the defense. The rule in Michigan has been that the trial judge does not have to allow a voir dire question to be asked in the precise language in which it was submitted by counsel. As such, defendant's rights were not prejudiced.

Defendant next argues that the trial judge had an obligation to instruct the jury on a lesser included offense of second-degree murder, regardless of whether defendant requested such instructions. The trial judge in the instant case instructed the jury:

"Now, in this case * * * there are only two possible verdicts that you can bring in. You can bring in a verdict of guilty as charged, or a verdict of not guilty."

The facts presented are similar to those in *People v Bukoski,* 41 Mich App 498; 200 NW2d 373 (1972), and as there was no affirmative exclusion of lesser

included offenses from consideration of the jury, a reversal is not warranted. *People v Lemmons,* 384 Mich 1; 178 NW2d 496 (1970).

Defendant finally contends that the trial court improperly denied his motion for a change of venue. His assertions that pretrial publicity deprived him of the right to a fair and impartial trial appear unsupported by the facts. The bulk of the pretrial publicity complained of occurred through late 1971. The trial was not held until March of 1972. Over 272 pages of transcript shows that the voir dire examination was conducted meticulously, resulting in the trial court's obtaining what it felt to be a fair and impartial jury. The record does not show a strong community feeling or pattern of deep and bitter prejudice against defendant. As such, the trial court's denial of the change of venue was not an abuse of discretion.

Affirmed.

All concurred.