## PEOPLE v COLLINS

1. CRIMINAL LAW—COMPLAINING WITNESS—COMPLAINT—LACK OF
   KNOWLEDGE—IMPEACHMENT OF COMPLAINT.

   A criminal complaint which, upon its face, purports to be made
   upon the knowledge of the affiant, is a sufficient compliance
   with the statute, and it is incompetent for a defendant, upon
   arraignment, to impeach the complaint by showing a lack of
   knowledge by the complaining witness.

2. CRIMINAL LAW—COMPLAINT—AFFIANT—LACK OF KNOWLEDGE—IM-
   PEACHMENT OF COMPLAINT.

   A defendant in a criminal proceeding was precluded from im-
   peaching a complaint which appeared to be made upon the
   knowledge of the affiant, a police officer, by showing that the
   officer was without personal knowledge of the commission of a
   crime or the identity of the defendant.

3. CRIMINAL LAW—COMPLAINT—SWORN STATEMENTS—COURTS—JURIS-
   DICTION.

   The positive sworn statements of a complaining witness conferred
   jurisdiction upon a district court to conduct a preliminary
   examination and upon a trial court to conduct a trial of the
   defendant.

4. CRIMINAL LAW—COURTS—JURISDICTION.

   Proof of an invalid arrest warrant does not divest the court of
   jurisdiction, once a court obtains jurisdiction over a defendant,
   regardless of the means used to bring the defendant within the
   court's jurisdiction.

5. CRIMINAL LAW—COMPLAINT—INFORMATION AND BELIEF—PERSONAL
   KNOWLEDGE—COURTS—JURISDICTION.

   The fact that a criminal complaint was based on a complainant's

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 5] 21 Am Jur 2d, Criminal Law §§ 3, 441.
[3] 21 Am Jur 2d, Criminal Law § 397.
[4] 21 Am Jur 2d, Criminal Law §§ 380, 381.
Right to try one brought within jurisdiction illegally or as a result
of a mistake as to identity. 165 ALR 947.

information and belief, rather than his personal knowledge, does not divest a court of jurisdiction to try a case.

Appeal from Clinton, Leo W. Corkin, J. Submitted Division 3 December 6, 1973, at Grand Rapids. (Docket No. 16059.) Decided March 27, 1974.

Richard D. Collins was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jon Newman,* Prosecuting Attorney, for the people.

*Richard D. Collins, in propria persona.*

Before: T. M. Burns, P. J., and Holbrook and McGregor, JJ.

T. M. Burns, P. J. Defendant was arrested without a warrant on May 22, 1972, for the murder of a grocery-store owner. The following morning, pursuant to MCLA 764.13; MSA 28.871(1), trooper Gary Jacobson signed complaints charging the defendant, *inter alia,* with felony murder. MCLA 750.316; MSA 28.548. Defendant was arraigned before the district judge on June 14, 1972, and was bound over to the circuit court for trial. On June 26, 1972, an information was filed in the Clinton County Circuit Court; however, the arraignment scheduled for that date was adjourned to permit the defendant an opportunity to file a motion to quash.

On July 24, 1972, defendant Collins filed a motion to quash the information and dismiss the case. Argument was had on the motion on September 5, 1972, and the circuit court denied the motion.

Trial commenced on September 26, 1972, and concluded on October 2, 1972, with a jury verdict

of guilty of murder in the first degree. Defendant was sentenced on October 5, 1972, to life imprisonment and now appeals.

The sole issue raised by defendant on appeal is whether a conviction based upon an information and belief complaint, written as an eyewitness complaint, is fatally defective when the complaint failed to allege the grounds upon which the complainant's information and belief were based.

Defendant contends that the warrant in the instant case was unconstitutionally issued since it was based on a complaint which was conclusory and which failed to identify sources of information. He further contends that his arrest under the complaint and warrant constituted a violation of his rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and Const 1963, art 1, § 11. Therefore, defendant maintains that since his arrest was illegal, jurisdiction over his person never attached and his conviction is null and void.

The complaint against defendant does not state that it was made on information and belief. In *People v Mosley,* 338 Mich 559, 564; 61 NW2d 785 (1953), the Court stated:

"This Court, in *People v Lynch,* 29 Mich 274 (1874); *Potter v Barry Circuit Judge,* 156 Mich 183; 120 NW 586 (1909); and *People v Czckay,* 218 Mich 660; 188 NW 376 (1922), settled the question that a complaint which, upon its face, purports to be made upon the knowledge of the affiant, is a sufficient complaince with the statute, and that it is incompetent for a defendant, upon arraignment, to impeach the complaint by showing a lack of knowledge by the complaining witness."

Such is the case here. Since the complaint appeared to be made upon the knowledge of the affiant, trooper Jacobson, defendant was precluded

from impeaching the complaint by showing that trooper Jacobson was without personal knowledge of the commission of the crime or the identity of the defendant.

Although *People v Mosley, supra,* may be under some question by reason of the statement of the majority of the Court in the case of *People v France,* 370 Mich 156; 121 NW2d 476 (1963), of an inclination to reexamine the *Mosley* rule, "under a proper record", we do now, as previously in *People v Roney,* 7 Mich App 678; 153 NW2d 175 (1967), and *People v Linscott,* 14 Mich App 334; 165 NW2d 514 (1968), rule that we have no basis for proceeding on the assumption that *People v Mosley, supra,* and cases therein cited are not still controlling authority.

We are also aware that in *People v Hill,* 44 Mich App 308; 205 NW2d 267 (1973), where the facts are almost identical to the instant case, the Court in citing *Giordenello v United States,* 357 US 480; 78 S Ct 1245; 2 L Ed 2d 1503 (1958), and *Whiteley v Warden, Wyoming State Penitentiary,* 401 US 560; 91 S Ct 1031; 28 L Ed 2d 306 (1971), to define the Fourth Amendment requirements as to probable cause sufficient to justify the issuance of a warrant, interpreted the *Giordenello* decision as overruling the long line of Michigan cases preventing a defendant from impeaching the complaint by showing a lack of personal knowledge of the complaining witness when the complaint purports to be made by an eyewitness. We decline, however, to follow this interpretation and find *People v Mosley, supra,* persuasive.

There is ample Michigan authority to the effect that the positive sworn statements of the complaining witness conferred jurisdiction upon the district court to conduct a preliminary examina-

tion and upon the trial court to conduct a trial of the defendant. *People v France, supra; People v Mosley, supra; People v Hernandez,* 41 Mich App 594; 200 NW2d 447 (1972); *People v Linscott, supra.*

Furthermore, once the court obtains jurisdiction over the defendant, proof of an invalid arrest warrant does not divest the court of jurisdiction. Regardless of the means used to bring him within the court's jurisdiction, both Federal and Michigan cases uphold the power of a court to try a defendant. *People v Hernandez, supra; People v Martin,* 386 Mich 407; 192 NW2d 215 (1971); *Ker v Illinois,* 119 US 436, 7 S Ct 225; 30 L Ed 421 (1886).

Defendant's rights have been fully protected, and he was not bound over for trial without a determination that there was probable cause to believe that he committed the crime. The fact that the complaint was based on the complainant's information and belief, rather than his personal knowledge, does not divest the court of jurisdiction to try the case. *State v Keating,* 108 NH 402; 236 A2d 684 (1967). See also *People v Miller,* 235 Mich 340; 209 NW 81 (1926); 5 Am Jur 2d, Arrest, § 116, p 796.

For the reasons set forth above, we hold that the trial court did not err in denying defendant's motion to quash the information.

Affirmed.

All concurred.