PEOPLE v MAYBERRY

CRIMINAL LAW—COURTS—JURISDICTION—COMPLAINT—ARREST—PROB-
    ABLE CAUSE.
    A trial court was not divested of its jurisdiction to try an offense
    where the police had probable cause to arrest the defendant,
    even though the complaint was invalid because it was conclu-
    sory and failed to identify sources of information.

Appeal from Oakland, William P. Hampton, J. Submitted Division 2 February 11, 1974, at Lansing. (Docket No. 17578.) Decided March 29, 1974.

Marvin Mayberry was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *T. S. Givens,* Assistant Appellate Counsel, for the people.

*George C. Dovas,* for defendant.

Before: J. H. GILLIS, P. J., and HOLBROOK and DENEWETH,* JJ.

J. H. GILLIS, P. J. A jury convicted defendant of armed robbery. MCLA 750.529; MSA 28.797. A 15-to 30-year sentence was imposed. Defendant appeals as of right.

The sole meritorious issue is whether a conclu-

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Arrest §§ 26, 28.
* Circuit judge, sitting on the Court of Appeals by assignment.

sory complaint which fails to identify sources of information in violation of state and Federal constitutional rights,[1] divests the court of jurisdiction to try the offense. *People v Burrill,* 391 Mich 124; 214 NW2d 823 (1974), citing *Frisbie v Collins,* 342 US 519; 72 S Ct 509; 96 L Ed 541 (1952), concludes that an invalid arrest warrant does not oust jurisdiction. To the extent *People v Hill,* 44 Mich App 308; 205 NW2d 267 (1973), implies jurisdiction cannot attach, *Hill* is overruled.

Further, *Hill, supra,* neglected a step in analysis which *Whiteley v Warden,* 401 US 560; 91 S Ct 1031; 28 L Ed 2d 306 (1971), and *Burrill, supra,* properly recognize.[2] Because an arrest warrant is not required, when an invalid arrest warrant is obtained, the question becomes whether the officer had probable cause to arrest.[3] Since the police had probable cause to arrest in the instant case, defendant's allegation of error is without merit.

Affirmed.

DENEWETH, J., concurred.

HOLBROOK, J., concurred in the result only.

---

[1] US Const, Ams 4, 14; Const 1963, art 1, § 11.

[2] The test is not of recent origin. In addition to *United States v Miles,* 468 F2d 482 (CA 3, 1972), cited in *People v Burrill,* 391 Mich 124; 214 NW2d 823 (1974), fn 19, *see: Petition of Forcella,* 371 F2d 37 (CA 3, 1967); *Page v United States,* 437 F2d 440 (CA 9, 1970); *United States v Evans,* 447 F2d 129 (CA 8, 1971); *United States ex rel Moore v Russell,* 330 F Supp 1074 (ED Pa 1971); *United States ex rel Gockley v Myers,* 450 F2d 232 (CA 3, 1971). *See, also, People v Hoffmeister,* 52 Mich App 219; 217 NW2d 58 (1974), and *People v Collins,* 52 Mich App 332; 217 NW2d 119 (1974).

[3] *People v Hill,* 44 Mich App 308; 205 NW2d 267 (1973), did not acknowledge this test, even though both *Giordenello v United States,* 357 US 480; 78 S Ct 1245; 2 L Ed 2d 1503 (1958), and *State v Licari,* 153 Conn 127; 214 A2d 900 (1965), on which *Hill* relied, carefully indicated that validity of the arrest without a warrant was not an issue before the Court. As I have said before, with Justice Jackson and Lord Westbury, "I can only say that I am amazed that a man of my intelligence should have been guilty of giving such an opinion".