*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 27, 2023

Plaintiff-Appellee,

v

No. 361123
Macomb Circuit Court
LC No. 2021-000873-FH

JASON DAVID VANCOILLIE,

Defendant-Appellant.

Before: M. J. KELLY, P.J., and SWARTZLE and FEENEY, JJ.

PER CURIAM.

Defendant, Jason David Vancoillie, appeals as of right his jury trial convictions for third-degree fleeing and eluding a police officer, MCL 257.602a(3)(a), and malicious destruction of personal property worth $1,000 or more but less than $20,000, MCL 750.377a(1)(b)(*i*). On appeal, Vancoillie argues that his convictions are invalid because neither the district court nor the circuit court had personal or subject matter jurisdiction. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

Vancoillie was arrested after leading police on an approximately 22-mile car chase. During the chase, the police tried to stop Vancoillie's vehicle by using stop sticks. Vancoillie drove around the first stop sticks; three of his tires were punctured when he drove over the next set of stop sticks. The chase led to a residential road with a speed limit of 25 miles per hour. Vancoillie accelerated to 60 or 70 miles per hour when traversing that road and, when the road ended, he crashed through a gate onto private property. In the process, he damaged landscaping and vehicles located on the private property. Vancoillie was bound over by the district court and convicted at a jury trial. He objected to the proceedings because he believed that the district court and the circuit court lacked jurisdiction over him and his case.

## II. JURISDICTION

### A. STANDARD OF REVIEW

-1-

Vancoillie argues that neither the district court nor the circuit court had subject matter jurisdiction or personal jurisdiction in this case. Whether a court has jurisdiction in a particular case is a question of law that this Court reviews de novo. *People v Washington*, 508 Mich 107, 121; 972 NW2d 767 (2021).

## B. ANALYSIS

Subject-matter jurisdiction "concerns a court's authority to hear and determine a case" and is based on the character or class of the pending case, not the facts of the case. *Washington*, 508 Mich at 121. "The courts do not have inherent subject-matter jurisdiction; it is derived instead from our constitutional and statutory provisions." *Id*. MCL 600.151 states that the circuit court is a "court of general jurisdiction," and Article 6, § 13, of Michigan's 1963 Constitution states that "[t]he circuit court shall have original jurisdiction in all matters not prohibited by law[.]" It is well-established that circuit courts have subject-matter jurisdiction in felony cases. *Washington*, 508 Mich at 121-122. Vancoillie was charged with two felonies: third-degree fleeing and eluding a police officer, and malicious destruction of personal property worth $1,000 or more but less than $20,000. Accordingly, both the circuit court and the district court has subject-matter jurisdiction.

The courts also had personal jurisdiction over Vancoillie. MCL 600.8311(e) states that the district court has jurisdiction over preliminary examinations in all felony cases. Likewise, MCL 762.2(1)(a) states that "[a] person may be prosecuted for a criminal offense he or she commits while he or she is physically located within this state or outside of this state" when "he or she commits a criminal offense wholly or partly within the state." Those two statutes, taken together, grant the district court personal jurisdiction over individuals who commit felonies within the state for the purpose of conducting a preliminary examination. It has also been established that a district court obtains personal jurisdiction over a defendant, for the purpose of conducting a preliminary examination, when it receives a sworn complaint and subsequently issues a warrant. *People v Mosley*, 338 Mich 559, 564; 61 NW2d 785 (1953). When a defendant is examined by a magistrate at the district court, "[i]n personam jurisdiction is vested in the circuit court upon the filing of a return of the magistrate[.]" *People v McGee*, 258 Mich App 683, 695; 672 NW2d 191 (2003) (quotation marks and citation omitted). Here, Vancoillie committed two felonies within the state of Michigan, a complaint was filed with the district court, and the district court issued a warrant. Therefore, the district court had personal jurisdiction over Vancoillie. Further, Vancoillie was examined by a magistrate at the preliminary examination and bound over to the circuit court. As a result, the circuit court also had personal jurisdiction over Vancoillie.[1]

Affirmed.

/s/ Michael J. Kelly
/s/ Brock A. Swartzle
/s/ Kathleen A. Feeney

---

[1] Vancoillie claims he is entitled to compensation under 42 USC 1983. However, that statute allows citizens to file civil suits against government officials for violating their rights. This is not a civil suit, and thus, the statute has no application here.