PEOPLE *v.* McCOY

1. CRIMINAL LAW—ARRAIGNMENT—DELAY—PREJUDICE.

Delay of two days between the defendant's arrest and his arraignment was not a ground for reversal of an otherwise valid conviction where the defendant failed to claim that any prejudice resulted from the delay or that anything of an incriminating nature was obtained during this delay (MCLA § 764.26).

2. ARREST—LEGALITY—APPEAL AND ERROR.

The legality of an arrest cannot be questioned for the first time on appeal.

3. CRIMINAL LAW — DEFENSES — INSANITY — PRESUMPTIONS — BURDEN OF PROOF.

A criminal defendant is presumptively sane; however, once the defendant introduces any evidence of insanity, the burden of proof is upon the prosecution to establish defendant's sanity beyond a reasonable doubt.

4. CRIMINAL LAW—DEFENSES—INSANITY—PRESUMPTIONS OF SANITY —REBUTTAL.

Expert psychiatric testimony corroborating the defendant's defense of amnesia was sufficient to put the defendant's sanity in issue and overcome the presumption of sanity.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 452–456.
Delay between filing of complaint or other charge and arrest of accused as violation of right to speedy trial.   85 ALR2d 980.
[2] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[3–7] Modern status of rules as to burden and sufficiency of proof of mental irresponsibility in criminal case.   17 ALR3d 146.
[3] 21 Am Jur 2d, Criminal Law §§ 50–53.
[4] 21 Am Jur 2d, Criminal Law §§ 50–52.
[5] 21 Am Jur 2d, Criminal Law §§ 48, 53.
[6] 21 Am Jur 2d, Criminal Law §§ 45–48, 50–53.
[7] 21 Am Jur 2d, Criminal Law § 53.

5. Criminal Law—Defenses—Insanity—Lay Testimony—Proof of Sanity.

Lay testimony indicating that the defendant was sane at the time he allegedly committed the crime with which he is charged may rebut expert psychiatric testimony that the defendant was not sane.

6. Criminal Law—Defenses—Insanity—Sanity—Evidence.

Jury's determination that the defendant was sane and not suffering from amnesia was supported by the evidence even though a psychiatrist had corroborated the defense of amnesia where there was testimony by a witness that the defendant told her all the details of the murder with which he was charged, the details as recounted by the witness were corroborated by witnesses to the killing, and the defendant took the stand in his own behalf, thus allowing the jury to assess his claim of insanity.

7. Criminal Law—Defenses—Sanity—Trier of Fact.

The jury is the ultimate judge of a defendant's sanity at the time of the crime he is charged with committing.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 December 15, 1970, at Detroit. (Docket No. 8380.) Decided January 20, 1971. Leave to appeal denied April 8, 1971. 384 Mich 823.

Robert Preston McCoy was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

Robert Preston McCoy, *in propria persona.*

Before: V. J. Brennan, P. J., and J. H. Gillis and Jeannette,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

V. J. BRENNAN, P. J.   Defendant was charged with first-degree murder[1] in the killing of one James McCraw.   He was convicted upon a jury verdict of second-degree murder[2] and sentenced to life imprisonment.

At the trial it appeared that on April 18, 1968, the defendant decided to get revenge upon the deceased, James McCraw, for a brutal beating he had suffered at the hands of McCraw and three other men two years earlier.   When he heard McCraw, who lived downstairs, leaving to go to the store, he went to his car, got a shotgun, and waited in the bushes for McCraw to return.   Later, as McCraw approached the bushes, defendant announced " * * * it's payback time".   Defendant then marched McCraw down the alley and twice hit him with the barrel of the shotgun.   The second blow knocked McCraw to the ground.   Defendant then shot him in the buttocks and head, killing him.   He fled the scene and retreated to the apartment of a neighbor, Ann Wallace.   There he boasted of the killing to Mrs. Wallace and Ruth Simmons, his girlfriend.   Later that evening he was arrested, a spent shotgun shell was found on his person.

Defendant makes seven assignments of error, only four of which merit discussion.

Defendant's first contention is that a delay of two days in bringing him before a magistrate for arraignment requires a reversal of his conviction. *People* v. *Hamilton* (1960), 359 Mich 410.   MCLA § 764.26 (Stat Ann 1954 Rev § 28.885) provides that a person charged with a felony must be taken before a magistrate after his arrest "without unnecessary delay".   This statute has been enforced by excluding any evidence obtained as a product of the unrea-

---

[1] MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).
[2] MCLA § 750.317 (Stat Ann 1954 Rev § 28.549).

sonable delay. *People* v. *Hamilton, supra; Mallory* v. *United States* (1957), 354 US 449 (77 S Ct 1356, 1 L Ed 2d 1479). Where, however, it is not claimed that anything of an incriminating nature was obtained during this period, there is no ground for reversing an otherwise valid conviction. *People* v. *Nawrocki* (1967), 6 Mich App 46. Since defendant fails to cite any prejudice arising out of the technical noncompliance with the statute, we fail to find any error.

Defendant next contends that a shotgun shell taken from his person at the time of arrest should not have been allowed into evidence. It is urged by defendant that the arrest was illegal because not based upon probable cause and that, therefore, the evidence seized was rendered inadmissible. We do not agree.

Although the defendant neglected to properly notice his motion to suppress for hearing, the trial court exercised its discretion to entertain the motion during the trial. *People* v. *Harper* (1966), 3 Mich App 316. The hearing on the motion centered about whether or not there was a valid consent to the search. The motion to suppress was denied. On this appeal defendant, for the first time, attacks the legality of his arrest. It is well settled that the legality of an arrest cannot be questioned for the first time on appeal. *People* v. *Teal* (1969), 20 Mich App 176. Failure to raise this issue below precludes our review of it. *People* v. *Camak* (1967), 5 Mich App 655.

It is also argued that the court erred in allowing nonverbal hearsay into evidence. The arresting officer testified that he began an investigation at the scene of the crime. After receiving information in the "normal course", he proceeded to arrest the defendant. Defendant urges that such testimony im-

plies that others told the officer that he was the one who did the shooting. Although it does not appear how the information was received, defendant's failure to object waives any error that might have occurred. *People* v. *Walsh* (1970), 27 Mich App 100.

Defendant's last assignment of error is that the people failed to prove sanity beyond a reasonable doubt. A psychiatrist gave testimony tending to corroborate the defense of amnesia. The prosecutor did not call any expert witnesses to refute this testimony.

While a criminal defendant is presumptively sane, once the defendant introduces any evidence of insanity, the burden of proof is upon the prosecution to establish defendant's sanity beyond a reasonable doubt. *People* v. *Woody* (1968), 380 Mich 332; *People* v. *Krugman* (1966), 377 Mich 559. Although expert psychiatric testimony such as was given in this case is sufficient to put sanity in issue, it may be rebutted by lay testimony indicating that defendant was sane at the time the crime was committed. *People* v. *Wingeart* (1963), 371 Mich 264. Witness Ann Wallace testified that the defendant told her all the details of the murder—details which the defendant claimed he could not remember. Most of the things which Ann Wallace related were corroborated by witnesses to the killing. Also, the defendant took the stand in his own behalf and thereby afforded the jury a further opportunity to assess the truthfulness of his claim of insanity. What was said in *People* v. *Krugman, supra,* 563, is applicable here:

"The jury is the ultimate judge of defendant's sanity at the time of the crime, and in this case, since it had before it evidence of defendant's behavior and state of mind upon the basis of which it could have found defendant sane at that time, it was not bound

by the expert opinion testimony of the doctor. See *Vial v. Vial* (1963), 369 Mich 534, 536."

For the foregoing reasons, the defendant's conviction is affirmed.

Affirmed.

All concurred.